MERRITT, Circuit Judge, concurring.
I concur in the panel's approach to the indemnity aspect of this case. We conclude that "[t]he 2013 complaint was, therefore, filed well within the limitations period, regardless of whether Kansas's five-year or Tennessee's six-year limitations period applies." But we do not address whether Tennessee law recognizes a discovery rule that would toll the statute of limitations for breach of contract. The discovery rule is another basis for the same result - the one used by the District Court.
The District Court concluded that plaintiff Franklin American's claims accrued in *285 Tennessee and that Tennessee's statute of limitations applied. Franklin Am. Mortg. Co. v. Univ. Nat'l Bank of Lawrence , No. 3:13-CV-01109, 2017 WL 6405595, at *5 (M.D. Tenn. Dec. 14, 2017). The District Court proceeded to reason that even if we cannot treat plaintiff's claims under different sections of the contract separately, then Tennessee law still tolled the statute of limitation because the breach was inherently undiscoverable by Franklin American. Id. at *6 (citing Goot v. Metro. Gov't of Nashville & Davidson Cty. , No. M200302013COAR3CV, 2005 WL 3031638, at *11 (Tenn. Ct. App. Nov. 9, 2005) ("[I]t would be unjust to hold that a plaintiff's claim for breach of contract accrues before the plaintiff knew or should have known that the contract had been breached.") ).